1  Scott J. Ferrell, Bar No. 202091
   sferrell@calljensen.com
2  Scott R. Hatch, Bar No. 241563
   shatch@calljensen.com
3  CALL, JENSEN & FERRELL
   A Professional Corporation
4  610 Newport Center Drive, Suite 700
   Newport Beach, CA 92660
5  Tel: (949) 717-3000
6  Fax: (949) 717-3100

7

8  Attorneys for Defendants EZ Lube, LLC, Ernest J. Jubela,
   Trustee Bornhoeft Trust of 09-10-87, Ethel B. Jubela,
9  Trustee Bornhoeft Trust of 09-10-87

10            **UNITED STATES DISTRICT COURT**

11           **SOUTHERN DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  KEVIN BURNAM, | Case No. 08CV-1420 H LSP |
| 14          Plaintiff, | **CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT** |
| 15          vs. | |
| 16 | |
| 17  EZ LUBE, LLC, A Delaware Limited Liability Company; ERNEST J. JUBELA, Trustee BORNHOEFT TRUST OF 09-10-87; ETHEL B. JUBELA, Trustee BORNHOEFT TRUST OF 09-10-87, and DOES 1 through 100, inclusive, | |
| 18 | |
| 19 | |
| 20 | |
| 21          Defendants. | |

22
                                    Complaint Filed:  June 23, 2008
23                                  Trial Date:       None Set

24

25      I, Denise Reigel, certify and declare as follows:

26

27      I am over the age of 18 years and not a party to this action.

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

1    My business address is 610 Newport Center Drive, Suite 700, Newport Beach,
2  California 92660, which is located in the city, county and state where the mailing
3  described below took place.

4

5    On August 6, 2008, I deposited in the United States Mail at Newport Beach,
6  California a copy of the Notice to Adverse Party of Notice of Removal to Federal Court
7  dated August 6, 2008, a copy of which is attached to this Certificate as Exhibit A and a
8  copy of this Certificate of Service to:  Mark D. Potter, Esq., Center for Disability
9  Access, LLP, 100 E. San Marcos Blvd., Suite 400, San Marcos, CA  92069.

10

11  [X]    (FEDERAL) I declare that I am employed in the offices of a member of this
12  Court at whose direction the service was made.

13    EXECUTED on August 7, 2008, at Newport Beach, California.

14

15

16    _____
      Denise Reigel

17

18

19

20

21

22

23

24

25

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

EZL01-08:395822_1:8-7-08                      - 2 -                      08CV-1420 H LSP
CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT

1 | CALL, JENSEN & FERRELL
A Professional Corporation
2 | Scott J. Ferrell, Bar No. 202091
Scott R. Hatch, Bar No. 241563
3 | 610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
4 | (949) 717-3000

ZUUB AUG -6 PM 2:31

CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

5 | Attorneys for Defendants EZ Lube, LLC, Ernest J. Jubela,
Trustee Bornhoeft Trust of 09-10-87, Ethel B. Jubela,
6 | Trustee Bornhoeft Trust of 09-10-87

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF SAN DIEGO - NORTH COUNTY**

10

| | |
|---|---|
| 11  KEVIN BURNAM, | Case No.   37-2008-00055692-CU-CR-NC |
| 12          Plaintiff, | Assigned for All Purposes to:<br>Hon. Thomas P. Nugent, Dept. N30 |
| 13          vs. | **NOTICE TO ADVERSE PARTY OF** |
| 14  EZ LUBE, LLC, A Delaware Limited Liability<br>Company; ERNEST J. JUBELA, Trustee | **REMOVAL TO FEDERAL COURT** |
| 15  BORNHOEFT TRUST OF 09-10-87; ETHEL B.<br>JUBELA, Trustee BORNHOEFT TRUST OF | |
| 16  09-10-87, and DOES 1 through 100, inclusive, | |
| 17          Defendants. | |
| 18 | Complaint Filed:    June 23, 2008<br>Trial Date:        None Set |
| 19 | |

20        **PLEASE  TAKE  NOTICE** that Defendants EZ Lube, LLC, Ernest J. Jubela, Trustee

21  Bornhoeft Trust of 09-10-87, Ethel B. Jubela, Trustee Bornhoeft Trust of 09-10-87, by and through

22  their counsel, has filed a Notice of Removal of this action in the United States District Court for the

23  Southern District of California, on August 5, 2008.  A copy of the Notice of Removal filed with the

24  District Court is attached hereto as Exhibit A.  Pursuant to 28 U.S.C. §1446(d), "[p]romptly after the

25  filing of such notice of removal of a civil action the defendant or defendants shall give written notice

26  ///

27  ///

28  ///

ALL, JENSEN &
FERRELL
PROFESSIONAL
CORPORATION

EZL01-08:395809_1:8-5-08

- 1 -

NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

**EXHIBIT A**

200/200 ☑

3

XX

1  thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court,

2  which shall effect the removal and the State court shall proceed no further unless and until the case is

3  remanded."

4  Dated: August 5, 2008                    CALL, JENSEN & FERRELL
                                            A Professional Corporation
5                                           Scott J. Ferrell
                                            Scott R. Hatch
6

7

8                                           By: _____
                                                Scott J. Ferrell
9
                                            Attorneys for Defendants EZ Lube, LLC, Ernest J.
10                                          Jubela, Trustee Bornhoeft Trust of 09-10-87, Ethel B.
                                            Jubela, Trustee Bornhoeft Trust of 09-10-87
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALL, JENSEN &
FERRELL
PROFESSIONAL
CORPORATION

EZL01-08:395809_1:8-5-08                        - 2 -

NOTICE TO ADVERSE PART 4 OF REMOVAL TO FEDERAL COURT

1   Scott J. Ferrell, Bar No. 202091
    sferrell@calljensen.com
2   Scott R. Hatch, Bar No. 241563
    shatch@calljensen.com
3   CALL, JENSEN & FERRELL
    A Professional Corporation
4   610 Newport Center Drive, Suite 700
    Newport Beach, CA 92660
5   Tel: (949) 717-3000
6   Fax: (949) 717-3100

7

8   Attorneys for Defendants EZ Lube, LLC, Ernest J. Jubela,
    Trustee Bornhoeft Trust of 09-10-87, Ethel B. Jubela,
9   Trustee Bornhoeft Trust of 09-10-87

FILED

2008 AUG -5 PM 3: 36

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

10              UNITED STATES DISTRICT COURT

11            SOUTHERN DISTRICT OF CALIFORNIA

12

13   KEVIN BURNAM,                    Case No. '08 CV 1420 H LSP

14            Plaintiff,              NOTICE OF REMOVAL OF ACTION
                                      PURSUANT TO 28 U.S.C. § 1441
15       vs.                          (FEDERAL QUESTION)

16
     EZ LUBE, LLC, A Delaware Limited
17   Liability Company; ERNEST J. JUBELA,
     Trustee BORNHOEFT TRUST OF 09-10-
18   87; ETHEL B. JUBELA, Trustee
     BORNHOEFT TRUST OF 09-10-87, and
19   DOES 1 through 100, inclusive,
20            Defendants.            [DEMAND FOR JURY]

21

22                                   Complaint Filed:  June 23, 2008
23                                   Trial Date:       None Set

24

25   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

26   CENTRAL DISTRICT OF CALIFORNIA:

27       PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, Defendants EZ

28   Lube, LLC, Ernest J. Jubela, Trustee Bornhoeft Trust of 09-10-87, Ethel B. Jubela,
     Trustee Bornhoeft Trust of 09-10-87 ("Defendants"), remove to the United States

CALL, JENSEN &
FERRELL
PROFESSIONAL
CORPORATION

EZL01-08:395020 1:8-5-08                        - 1 -

District Court for the Southern District of California the state court action described below. In accordance with 28 U.S.C. § 1446(a), Defendants submit the following short, plain statement of the grounds for removal.

## I.    JURISDICTION AND TIMELINESS

1.    On June 23, 2008, Plaintiff Kevin Burnam ("Plaintiff") filed a complaint in San Diego County Superior Court alleging causes of action for: (1) violation of the Americans with Disabilities Act ("ADA"); and (2) violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, 52 ("Unruh Act"); (3) violation of California Disabled Persons Act, Cal. Civ. Code §§54-54.8; and (4) Negligence. A true and correct copy of Plaintiff's complaint is attached hereto as Exhibit A. In addition to statutory damages, attorney's fees and costs under the state law claims, Plaintiff seeks injunctive relief and attorney's fees under federal law, pursuant to 42 U.S.C. §§ 12188(a), 1988, 12205, based on alleged violations of the ADA and Americans with Disabilities Act Accessibility Guidelines ("ADAAGs") in connection with Plaintiff's alleged visit to an Automobile Service Facility located at 1998 E. Valley Parkway, Escondido, California.

2.    This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this action arises under federal law. Plaintiff claims that Defendants violated the ADA and seeks injunctive relief, attorney's fees, costs, and damages under the ADA and state law claims based on the alleged ADA violations and deviations from the ADAAGs. *See* Compl. ¶¶ 9, 11, 14-21, 28, 31, 35. Thus, it is clear that such claims turn on the federal question of whether Defendants violated the ADA. Because Plaintiff seeks injunctive relief and attorney's fees and costs for the alleged ADA violations, this Court undeniably has original jurisdiction over such claims. *See, e.g., Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F.Supp.2d 1128, n.5 (E.D. Cal. 2002) ("Simply by incorporating the ADA into state law, state legislatures cannot divest the federal courts of original jurisdiction over state claims that are, for all intents and purposes, federal ADA claims. . . . [F]ederal courts would have original jurisdiction

1  over state claims for injunctive relief, and supplemental jurisdiction over state claims

2  for damages.").

## II.   SUPPLEMENTAL JURISDICTION

3.     Because Plaintiff's allegations and state law claims for damages form "part of the same case or controversy" and, indeed, hinge on the very same ADA violations over which this Court has original jurisdiction, supplemental jurisdiction exists over Plaintiff's state law claims under 28 U.S.C. § 1367. A state claim is part of the same "case or controversy" as a federal claim when the two "derive from a common nucleus of operative fact" such that plaintiff "would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855-56 (9th Cir. 2004) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). Plaintiff's state law claims are premised on violations of the ADA. *See* Compl., ¶ 26 (alleging that, "by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to knowingly discriminate against Plaintiff . . . in violation of [California] Civil Code §§ 51, 52, and 54.1.").

## III.   PROCESS, PLEADINGS AND ORDERS

4.     Plaintiff filed his complaint on June 23, 2008. Defendants accepted personal service of the complaint on July 8, 2008, rendering August 7, 2008 as the deadline for removal. As such, Defendant's removal is timely. Defendants have filed an answer in state court. A true and correct copy of the answer is attached hereto as Exhibit B. No further proceedings have taken place.

## IV.   VENUE

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of California embraces San Diego County where the events allegedly occurred and because the state action originally was filed in the Superior Court of the State of California for the County of San Diego.

27  / / /

28  / / /

## V.    NOTICE

6.    Promptly after filing this Notice of Removal, Defendants will give written notice of this pleading to counsel for Plaintiff and will file a copy of this Notice with the Superior Court of the State of California for the County of San Diego.

## VI.    PROCEDURAL COMPLIANCE

7.    As noted above, this is a civil action for which this Court has original jurisdiction and is one that may be removed to this Court under 28 U.S.C. §§ 1441, 1446.

8.    In accordance with the requirements of 28 U.S.C. § 1446(a), a copy of Plaintiff's complaint, all other papers in the state court action, and the answer of Defendants are attached hereto as Exhibit A and Exhibit B respectively.

9.    This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b).

## VII.    CONCLUSION AND REQUESTED RELIEF

10.    For all of the reasons set forth above, Defendants respectfully request that this Court proceed with this matter as if it had been originally filed herein.

Dated: August 5, 2008

CALL, JENSEN & FERRELL
A Professional Corporation
Scott J. Ferrell
Scott R. Hatch

By: _____
Scott J. Ferrell

Attorneys for Defendants EZ Lube, LLC, Ernest J. Jubela, Trustee Bornhoeft Trust of 09-10-87, Ethel B. Jubela, Trustee Bornhoeft Trust of 09-10-87

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION



1  CENTER FOR DISABILITY ACCESS, LLP
   MARK D. POTTER, ESQ., SBN 166317
2  RUSSELL C. HANDY, ESQ., SBN 195058
   100 East San Marcos Blvd., Suite 400
3  San Marcos, CA 92069-2988
   (760) 480-4162
4  Fax (760) 480-4170

5  Attorney for Plaintiff, KEVIN BURNAM

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SAN DIEGO

10

11  KEVIN BURNAM,                      )  Case No.:   37-2008-00055692-CU-CR-NC
                                       )
12              Plaintiff,             )  COMPLAINT FOR DAMAGES AND
                                       )  INJUNCTIVE RELIEF FOR
13  v.                                 )  VIOLATIONS OF: AMERICAN'S
                                       )  WITH DISABILITIES ACT; UNRUH
14  EZ LUBE, LLC, A Delaware Limited   )  CIVIL RIGHTS ACT; CALIFORNIA
    Liability Company; ERNEST J. JUBELA,)  DISABLED PERSONS ACT;
15  Trustee BORNHOEFT TRUST OF 09-10-  )  NEGLIGENCE
    87; ETHEL B. JUBELA, Trustee       )
16  BORNHOEFT TRUST OF 09-10-87, and   )  DEMAND FOR JURY
    DOES 1 through 100, inclusive,     )
17                                     )
                Defendants.            )
18                                     )
                                       )
19  _____)

20       Plaintiff KEVIN BURNAM complains of Defendants EZ LUBE, LLC, A

21  Delaware Limited Liability Company; ERNEST J. JUBELA, Trustee BORNHOEFT

22  TRUST OF 09-10-87; ETHEL B. JUBELA, Trustee BORNHOEFT TRUST OF 09-10-

23  87, and DOES 1 through 100, inclusive, (hereinafter referred to as "Defendants") and

24  alleges as follows:

25  PARTIES:

26       1. Plaintiff is a California resident with physical disabilities.  He is a T-2

27  paraplegic, who cannot walk, and uses a wheelchair for mobility.

28       2. Defendants are or were at the time of the incident the owners and operators

                                   -1-

EXHIBIT A

1  and/or lessors and lessees of the Automobile Service Facility located at 1998 E. Valley
2  Parkway, Escondido, California.

3      3. Plaintiff does not know the true names of Defendants, their business
4  capacities, their ownership connection to the property and business, or their relative
5  responsibilities in causing the access violations herein complained of, and alleges a
6  joint venture and common enterprise by all such Defendants. Plaintiff is informed and
7  believes that each of the Defendants herein, including DOES 1 through 100, inclusive,
8  is responsible in some capacity for the events herein alleged, or is a necessary party for
9  obtaining appropriate relief. Plaintiff will seek leave to amend when the true names,
10  capacities, connections, and responsibilities of the Defendants and DOES 1 through
11  100, inclusive, are ascertained

12  FACTUAL ALLEGATIONS:

13      4. The Plaintiff went to the Automobile Service Facility on March 13, 2008, to
14  have his vehicle serviced.

15      5. The Automobile Service Facility is a facility open to the public, a place of
16  public accommodation, and a business establishment.

17      6. Unfortunately, the Automobile Service Facility presented barriers to persons
18  in wheelchairs, violations of the Americans with Disabilities Act Accessibility
19  Guidelines ("ADAAG") and Title 24 of the California Code of Regulations, including,
20  but not limited to, there was no accessible path of travel into the customer waiting area,
21  there was no accessible path of travel to the bathrooms, and there was no accessible
22  seating in the customer waiting area.

23      7. Naturally, Plaintiff BURNAM was frustrated, angry and/or vexed as a result
24  of encountering unlawful conditions, violations of his civil rights, and the lack of safe,
25  convenient and accessible facilities. Although these injuries are modest in scope and
26  did not result in any loss of wages or economic damage or medical care or attention, the
27  continued violation of the plaintiff's civil rights by these defendants and the highly
28  unpleasant emotional distress caused by such unlawful treatment is attributable to the

-2-

1 | actions or inactions of the defendants and plaintiff seeks redress from these defendants
2 | for such injury.

3 |     **8.** Plaintiff would like to return and patronize the Defendants' Automobile
4 | Service Facility but because of plaintiff's knowledge of the existence of the
5 | inaccessible conditions and policies, the plaintiff is unable to use the Automobile
6 | Service Facility on a "full and equal" basis until the Automobile Service Facility is
7 | brought into compliance with the provisions of the Americans with Disabilities Act
8 | Accessibility Guidelines and state accessibility law as pled herein. Plaintiff has been
9 | and currently is being deterred from returning and patronizing the Defendants'
10 | Automobile Service Facility.

11 | **I.    FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH
12 | DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants (42
    U.S.C. section 12101, et seq.)

13 |     **9.** The defendants are persons who either own, operate, lease or lease to a place
14 | of public accommodation. As such, the Defendants are required to (1) ensure that all
15 | construction, alteration, or modification is barrier free and complies with the Americans
16 | with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the
17 | California Code of Regulations (aka "California Building Code"); and/or (2) remove all
18 | existing barriers where such removal is "readily achievable." The Defendants have
19 | failed to meet these obligations. The existence of readily achievably removed barriers
20 | and barriers in violation of the ADAAG and/or California Building Code, including,
21 | but not limited to, there was no accessible path of travel into the customer waiting area,
22 | there was no accessible path of travel to the bathrooms, and there was no accessible
23 | seating in the customer waiting area, is unlawful and has resulted in the defendants'
24 | failure to provide full and equal accommodations, advantages, facilities, privileges
25 | and/or services to the plaintiff.

26 | **II.    SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL
    RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51-53)
27 |

28 |     **10.** The defendants are persons who either own, operate, lease or lease to a place

1    of public accommodation or business establishment.  As such, the Defendants are

2    required to (1) ensure that all construction, alteration, or modification is barrier free and

3    complies  with  the  Americans  with  Disabilities  Act  Accessibility  Guidelines

4    ("ADAAG") and Title 24 of the California Code of Regulations (aka "California

5    Building Code"); and (2) remove all existing barriers where such removal is "readily

6    achievable."  The Defendants have failed to meet these obligations.  The Defendants

7    intended the physical and architectural condition of their property. The existence of

8    readily achievably removed barriers and barriers in violation of the ADAAG and/or

9    California Building Code, including, but not limited to, there was no accessible path of

10   travel into the customer waiting area, there was no accessible path of travel to the

11   bathrooms, and there was no accessible seating in the customer waiting area, is

12   unlawful and has resulted in the defendants' failure to provide full and equal

13   accommodations, advantages, facilities, privileges and/or services to the plaintiff.

14        11.  The acts alleged above, which form the basis of the plaintiff's discrimination

15   claim, are intentional acts.

16   III.   **THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA
             DISABLED PERSONS ACT (On behalf of Plaintiff and Against All
17           Defendants) (Cal Civ § 54-54.8)

18        12. The defendants are persons who either own, operate, lease or lease to a place

19   of public accommodation or a facility open to the public.  As such, the Defendants are

20   required to (1) ensure that all construction, alteration, or modification is barrier free and

21   complies  with  the  Americans  with  Disabilities  Act  Accessibility  Guidelines

22   ("ADAAG") and Title 24 of the California Code of Regulations (aka "California

23   Building Code"); and (2) remove all existing barriers where such removal is "readily

24   achievable."  The Defendants have failed to meet these obligations.  The existence of

25   readily achievably removed barriers and barriers in violation of the ADAAG and/or

26   California Building Code, including, but not limited to, there was no accessible path of

27   travel into the customer waiting area, there was no accessible path of travel to the

28   bathrooms, and there was no accessible seating in the customer waiting area, is

1  unlawful and has resulted in the defendants' failure to provide full and equal

2  accommodations, advantages, facilities, privileges and/or services to the plaintiff.

3  **IV.    FOURTH CAUSE OF ACTION:** NEGLIGENCE (On behalf of Plaintiff and
   Against All Defendants)

4

5  13. The defendants had a general duty and a duty arising under the Americans

6  with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons

   Act to provide safe, convenient, and accessible facilities to the plaintiff in the running

7  of their Automobile Service Facility.   Their breach of this duty, as alleged in the

8  preceding paragraphs, has caused injury and damage as alleged above.

9  **PRAYER:**

10     Wherefore, Plaintiff prays that this court award damages and provide relief as

11  follows:

12     1.  For injunctive relief, compelling Defendants to comply with the Americans

13  with Disabilities Act and the Unruh Civil Rights Act.   Note:   the plaintiff is not

14  invoking section 55 of the California Civil Code and is not seeking injunctive relief

15  under that section.

16     2. Damages under the Unruh Civil Rights Act and/or the California Disabled

17  Persons Act. Note: A defendant cannot be held liable for damages under both the

18  Unruh Civil Rights Act and the California Disabled Persons Act and the plaintiff will

19  make an election at trial depending upon the evidence amassed.

20     3. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to

21  42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

22

23  Dated: June 18, 2008       CENTER FOR DISABILITY ACCESS, LLP

24

25                 By:_____

26                    MARK D. POTTER
                      Attorneys for Plaintiff

27

28

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated:     June 18, 2008     CENTER FOR DISABILITY ACCESS, LLP

By: _____
        MARK D. POTTER
        Attorneys for Plaintiff

-6-

Compl: 14

1 | CALL, JENSEN & FERRELL
A Professional Corporation
2 | Scott J. Ferrell, Bar No. 202091
Scott R. Hatch, Bar No. 241563
3 | 610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
4 | (949) 717-3000

5 | Attorneys for Defendants EZ Lube, LLC, Ernest J. Jubela,
Trustee Bornhoeft Trust of 09-10-87, Ethel B. Jubela,
6 | Trustee Bornhoeft Trust of 09-10-87

**FILED**
NORTH COUNTY DIVISION

2008 AUG -4 PM 3: 22

(1)
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

7

8 |             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |             FOR THE COUNTY OF SAN DIEGO - NORTH COUNTY

10

11 | KEVIN BURNAM,

12 |             Plaintiff,

13 |             vs.

14 | EZ LUBE, LLC, A Delaware Limited Liability
Company; ERNEST J. JUBELA, Trustee
15 | BORNHOEFT TRUST OF 09-10-87; ETHEL B.
JUBELA, Trustee BORNHOEFT TRUST OF
16 | 09-10-87, and DOES 1 through 100, inclusive,

17 |             Defendants.

Case No.    37-2008-00055692-CU-CR-NC

Assigned for All Purposes to:
Hon. Thomas P. Nugent, Dept. N30

**DEFENDANTS' ANSWER TO COMPLAINT**

*[Demand for Jury Trial]*

18 |

19 |

20 |

Complaint Filed:    June 23, 2008
Trial Date:         None Set

21 |      Defendants EZ Lube, LLC, Ernest J. Jubela, Trustee Bornhoeft Trust of 09-10-87, Ethel B.

22 | Jubela, Trustee Bornhoeft Trust of 09-10-87 (collectively "Defendants"), in response to Plaintiff Kevin

23 | Burnam's ("Plaintiff") unverified Complaint for Damages and Injunctive Relief ("Complaint"), hereby

24 | answer the allegations of the Complaint as follows:

25 |

26 |                         ~~GENERAL DENIAL~~

27 |      1.      Pursuant to California Code of Civil Procedure section 431.30(d), Defendants deny,

28 | generally and specifically, conjunctively and disjunctively, each and every allegation of the

DEFENDANTS' ANSWER TO COMPLAINT

**EXHIBIT B**

1    Complaint, and in each and every cause of action contained and asserted therein. Defendants further

2    deny that they are or will be liable to Plaintiff in any sum whatsoever. Defendants further deny,

3    generally and specifically, that Plaintiff has suffered damages in the amount alleged, or in any sum, or

4    that Plaintiff is entitled to any relief at all, by reason of any wrongful act or omission or purported act

5    or omission of Defendants.

6

7         2.     By alleging the defenses below, Defendants are not in any way agreeing or conceding

8    that they have the burden of proof or persuasion on any of these issues.

9

10    ## FIRST AFFIRMATIVE DEFENSE

11         3.     As a first and separate affirmative defense to the Complaint filed herein, Defendants

12    assert that the Unruh Act and Disabled Persons Act do not apply to these answering Defendants

13    because the facility was built and/or modified prior to the date these acts were amended to incorporate

14    any standards as set forth in 28 U.S.C. §12101 et seq.

15

16    ## SECOND AFFIRMATIVE DEFENSE

17         4.     As a second and separate affirmative defense to the Complaint filed herein, Defendants

18    assert that Plaintiff has acted with "unclean hands" and such actions are directly related to the claims

19    by Plaintiff in the Complaint and precludes Plaintiff from pursuing the claims in the Complaint.

20    Therefore, Plaintiff is barred from seeking relief by the Doctrine of Unclean Hands.

21

22    ## THIRD AFFIRMATIVE DEFENSE

23         5.     As a third and separate affirmative defense to the Complaint filed herein, Defendants

24    assert that at all times mentioned in the Complaint, the Plaintiff so carelessly, recklessly and

25    negligently conducted and maintained himself so as to cause and contribute in some way to the

26    damages, if any, alleged to have been sustained by Plaintiff. Therefore, Plaintiff's recovery herein as

27    to any damage and injuries suffered by Plaintiff, if any, shall be diminished to the extent that such

28    injury or damages were proximately caused by the negligence or intentional conduct of Plaintiff.

L. JENSEN &
ERRELL
FESSIONAL
FORATION

EZL01-08:394983_1:8-4-08

16 -2-

DEFENDANTS' ANSWER TO COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

6.     As a fourth and separate affirmative defense to the Complaint filed herein, and to each alleged cause of action set forth herein, these answering Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action as against Defendants for the reason that the same appears to be barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

7.     As a fifth and separate affirmative defense to the Complaint filed herein, and to each alleged cause of action set forth therein, these answering Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action under any legal theory.

## SIXTH AFFIRMATIVE DEFENSE

8.     As a sixth and separate affirmative defense to the Complaint filed herein, if Plaintiff suffered or sustained any loss, damage, or injury as alleged by the Complaint, such loss, damage, or injury was proximately caused and contributed to by Plaintiff's failure to conduct himself in a manner ordinarily expected of prudent persons.   Plaintiff's recovery herein is diminished to the extent that Plaintiff's damages, if any, are attributable to Plaintiff's own negligence.

## SEVENTH AFFIRMATIVE DEFENSE

9.     As a seventh and separate affirmative defense to the Complaint filed herein, these answering Defendants believe and based upon such information and belief allege that Plaintiff has failed to exhaust his administrative remedies prior to filing suit and, therefore, his Complaint is barred.

## EIGHTH AFFIRMATIVE DEFENSE

10.     As an eighth and separate affirmative defense to the Complaint filed herein, these answering Defendants believe and based upon such information allege that Plaintiff is estopped from seeking the relief herein due to his own acts and/or omissions with reference to the subject matter of the Complaint.

L. JENSEN &.
ERRELL
DFESSIONAL
'ORATION

### NINTH AFFIRMATIVE DEFENSE

11.     As a ninth and separate affirmative defense to the Complaint filed herein, these answering Defendants believe and based upon such information and belief allege that Plaintiff has waived his alleged right to seek the relief herein due to his own acts and/or omissions with reference to the subject matter of the Complaint.

### TENTH AFFIRMATIVE DEFENSE

12.     As a tenth and separate affirmative defense to the Complaint filed herein, these answering Defendants believe and based upon such information and belief, allege that Plaintiff was not deterred from visiting Defendants' premises.

### ELEVENTH AFFIRMATIVE DEFENSE

13.     As an eleventh and separate affirmative defense to the Complaint filed herein, the Complaint and each cause of action alleged therein fails to state facts sufficient to constitute a cause of action for Violation of the Americans with Disabilities Act of 1990 (49 USC §12101, et seq.).

### TWELFTH AFFIRMATIVE DEFENSE

14.     As a twelfth and separate affirmative defense to the Complaint filed herein, the Complaint and each cause of action alleged therein fails to state facts sufficient to constitute a cause of action for Violation of the California Civil Code, including, but not limited to §§ 51, 54 and/or 54.1, et seq.

### THIRTEENTH AFFIRMATIVE DEFENSE

15.     As a thirteenth and separate affirmative defense to the Complaint filed herein, all of Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional defense), the modification of such barriers is not readily achievable.

LL, JENSEN &
FERRELL
OFESSIONAL
RPORATION

EZL01-08:394983_1:8-4-08

4

DEFENDANTS' 14SWER TO COMPLAINT

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2          16.    As a fourteenth and separate affirmative defense to the Complaint filed herein, all of

3    Plaintiff's claims are barred because Defendants offered reasonable accommodations to Plaintiff.

4

5

## FIFTEENTH AFFIRMATIVE DEFENSE

6          17.    As a fifteenth and separate affirmative defense to the Complaint filed herein, if Plaintiff

7    sustained any damage or injury either as alleged in the Complaint, or at all, the same was directly and

8    proximately caused and/or contributed to by the negligence, recklessness, carelessness, fault, and

9    unlawful conduct of other parties or entities, whether or not parties to this action, and damages of

10   Plaintiff, if any, shall be reduced in proportion to the amount of negligence and/or fault attributable to

11   such other persons or entities, whether or not parties to this action.

12

13

## SIXTEENTH AFFIRMATIVE DEFENSE

14         18.    As a sixteenth and separate affirmative defense to the Complaint filed herein, all of

15   Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist

16   (which supposition is denied and merely stated for the purpose of this additional defense), the removal

17   of such barriers is structurally impractical.

18

19

## SEVENTEENTH AFFIRMATIVE DEFENSE

20         19.    As a seventeenth and separate affirmative defense to the Complaint filed herein, all of

21   Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist

22   (which supposition is denied and merely stated for the purpose of this additional defense), the removal

23   of such barriers is technically infeasible.

24

25

## EIGHTEENTH AFFIRMATIVE DEFENSE

26         20.    As an eighteenth and separate affirmative defense to the Complaint filed herein, all of

27   Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist

28

L. JENSEN &
ERRELL
PROFESSIONAL
PORATION

1   (which supposition is denied and merely stated for the purpose of this additional defense), the removal

2   of such barriers would result in an undue burden on Defendant.

3

4                           NINETEENTH AFFIRMATIVE DEFENSE

5          21.     As a nineteenth and separate affirmative defense to the Complaint filed herein, all of

6   Plaintiff's claims are barred because all architectural barriers alleged by Plaintiff do not exist and/or

7   fall within "conventional building industry tolerances" or "dimensional tolerances."

8

9                           TWENTIETH AFFIRMATIVE DEFENSE

10         22.     As a twentieth and separate affirmative defense to the Complaint filed herein, all of

11  Plaintiff's claims are barred because Defendants provided equivalent facilitation at the premises.

12

13                        TWENTY-FIRST AFFIRMATIVE DEFENSE

14         23.     As a twenty-first and separate affirmative defense to the Complaint filed herein, all of

15  Plaintiff's claims are barred because Plaintiff failed to name a necessary party.

16

17                      TWENTY-SECOND AFFIRMATIVE DEFENSE

18         24.     As a twenty-second and separate affirmative defense to the Complaint filed herein, all

19  of Plaintiff's claims are barred because Defendants' compliance with state and federal disabled access

20  laws would constitute a direct threat to health and safety of others.

21

22                       TWENTY-THIRD AFFIRMATIVE DEFENSE

23         25.     As a twenty-third and separate affirmative defense to the Complaint filed herein, all of

24  Plaintiff's claims are barred because any discrimination Plaintiff suffered at Defendants' premises

25  (which supposition is denied and merely stated for the purpose of this additional defense) resulted

26  from isolated or temporary (or both) interruptions in the facility's goods and services.

27  ///

28  ///

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2    26.    As a twenty-fourth and separate affirmative defense to the Complaint filed herein, all of

3    Plaintiff's claims are barred because Plaintiff failed to request reasonable accommodations or

4    modifications to Defendants' premises.

5

6

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

7    27.    As a twenty-fifth and separate affirmative defense to the Complaint filed herein, all of

8    Plaintiff's claims are barred because they are unconstitutional.

9

10

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

11    28.    As a twenty-sixth and separate affirmative defense to the Complaint filed herein, all of

12    Plaintiff's causes of action are barred because Plaintiff suffered no damages as a result of the alleged

13    conduct.

14

15

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

16    29.    As a twenty-seventh affirmative defense to the Complaint filed herein, all of Plaintiff's

17    causes of action are barred because Plaintiff lacks standing.

18

19

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

20    30.    Defendants presently have insufficient knowledge or information upon which to form a

21    belief as to whether they may have additional affirmative defenses available. Defendants reserve the

22    right to assert additional affirmative defenses in the event discovery or further analysis indicates that

23    additional, unknown or unstated affirmative defenses would be applicable.

24    Dated:  August 4, 2008                        CALL, JENSEN & FERRELL
                                                      A Professional Corporation
25                                                    Scott J. Ferrell
                                                      Scott R. Hatch
26

27                                          By: _____
                                                      Scott R. Hatch
28
JENSEN &
FERRELL                                     Attorneys for Defendants
FESSIONAL
ORATION    EZL01-08:394983_1:8-4-08                  -217-
                                    DEFENDANTS' ! / WER TO COMPLAINT

1

## DEMAND FOR JURY

2     Defendants hereby demand a jury on all issues raised in the Complaint by Plaintiff Kevin

3  Burnam.

4  Dated:  August 4, 2008

5

CALL, JENSEN & FERRELL
A Professional Corporation
Scott J. Ferrell
Scott R. Hatch

6

7

By:  _____

8         SCOTT R. HATCH

9     Attorneys for Defendants EZ Lube, LLC, Ernest J.
10  Jubela, Trustee Bornhoeft Trust of 09-10-87, Ethel B.
   Jubela, Trustee Bornhoeft Trust of 09-10-87

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

L, JENSEN &
FERRELL
ROFESSIONAL
PORATION

EZL01-08:394983_1:8-4-08

22
18 - 8 -

1

## PROOF OF SERVICE

FILED
NORTH COUNTY DIVISION

2  STATE OF CALIFORNIA, COUNTY OF ORANGE

2008 AUG -4 PM 3:22

3      I am employed in the County of Orange, State of California. I am over the age of 18 and not a
party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport
4  Beach, CA 92660.

SAN DIEGO COUNTY, CA

5      On August 4, 2008, I served the foregoing document described as **DEFENDANTS' ANSWER
TO COMPLAINT** on the following person(s) in the manner indicated:

6

7                        SEE ATTACHED SERVICE LIST

8  [ X ]   (BY MAIL)   I am familiar with the practice of Call, Jensen & Ferrell for collection and
processing of correspondence for mailing with the United States Postal Service. Correspondence so
9  collected and processed is deposited with the United States Postal Service that same day in the
ordinary course of business. On this date, a copy of said document was placed in a sealed envelope,
10  with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection
and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business
11  practices.

12  [ ]   (BY FEDEX)   I am familiar with the practice of Call, Jensen & Ferrell for collection and
processing of correspondence for delivery by overnight courier. Correspondence so collected and
13  processed is deposited in a box or other facility regularly maintained by FedEx that same day in the
ordinary course of business. On this date, a copy of said document was placed in a sealed envelope
14  designated by FedEx with delivery fees paid or provided for, addressed as set forth herein, and such
envelope was placed for delivery by FedEx at Call, Jensen & Ferrell, Newport Beach, California,
15  following ordinary business practices.

16  [ ]   (BY FACSIMILE TRANSMISSION)   On this date, at the time indicated on the transmittal
sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is
17  (949) 717-3100, the document described above and a copy of this declaration to the person, and at the
facsimile transmission telephone numbers, set forth herein. The above-described transmission was
18  reported as complete and without error by a properly issued transmission report issued by the facsimile
transmission machine upon which the said transmission was made immediately following the
19  transmission.

20  [ ]   (BY ELECTRONIC TRANSMISSION)   I served electronically from the electronic notification
address of _____ the document described above and a copy of this declaration to the person
21  and at the electronic notification address set forth herein. The electronic transmission was reported as
complete and without error.

22

23      I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct, and that this declaration was executed on August 4, 2008, at Newport Beach,
24  California.

25

26                                        _____
Denise Reigel

27

28

1

**SERVICE LIST**

2  Mark D. Potter, Esq.                    **Attorneys for**
   Russell S. Handy, Esq.
3  Center for Disability Access, LLP       **Plaintiff Kevin Burnam**
   100 East San Marcos Blvd., Suite 400
4  San Marcos, CA 92069-2988
   Tel:  (760) 480-4162
5  Fax: (760) 480-4170
   E:  MarkPotter@cda4access.com
6  E:  RussHandy@cda4access.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JENSEN &
FERRELL
OFESSIONAL
RPORATION

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On August 6, 2008, I served the foregoing document described as **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

**[ X ]    (BY MAIL)**   I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

**[ ]    (BY FEDEX)**   I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

**[ ]    (BY FACSIMILE TRANSMISSION)**   On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

**[ ]    (BY ELECTRONIC TRANSMISSION)**   I served electronically from the electronic notification address of _____ the document described above and a copy of this declaration to the person and at the electronic notification address set forth herein. The electronic transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on August 6, 2008, at Newport Beach, California.

Denise Reigel

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

1

**SERVICE LIST**

2  Mark D. Potter, Esq.                **Attorneys for**
     Russell S. Handy, Esq.
3  Center for Disability Access, LLP       **Plaintiff Kevin Burnam**
     100 East San Marcos Blvd., Suite 400
4  San Marcos, CA 92069-2988
     Tel: (760) 480-4162
5  Fax: (760) 480-4170
     E: MarkPotter@cda4access.com
6  E: RussHandy@cda4access.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALL, JENSEN &
FERRELL
PROFESSIONAL
CORPORATION